UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HUBERT FORD, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No: 4:14CV487 HEA |
| DOUG PRUDDEN, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] on March 17, 2014. On May 31, 2014 Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. #11]. On July 15, 2014 Petitioner filed his Reply to Response to the Court's Order to Show Cause Why Relief Should Not be Granted. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

On November 4, 2005, Petitioner was convicted of trafficking second degree as a prior and persistent drug offender. The Circuit Court in the City of St. Louis, on February 6, 2006, sentenced Petitioner to 15 years imprisonment in the Missouri Department of Corrections. The Missouri Court of Appeals, Eastern District of Missouri, affirmed his conviction. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentence.

Petitioner filed his *pro se* motion for post-conviction relief, pursuant to Rule 29.15, relative to the case on February 26, 2008. On October 3, 2012, the Missouri state trial court denied the post-conviction relief motion of Petitioner. Petitioner, on June 26, 2013, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the trial court ruling on the Rule 29.15 motion November 26, 2013.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on March 17, 2014. In Ground One, Petitioner claims the trial court denied both the motion for judgment of acquittal and motion to suppress. Petitioner contends the arresting officer did not have reasonable suspicion to stop petitioner's car. Petitioner also contends that his counsel was ineffective because these grounds were not raised.

In Ground Two, Petitioner claims counsel was ineffective for not challenging the sufficiency of the evidence and for failing to call a witness.

In Ground Three Petitioner alleges the trial court committed error for convicting Petitioner based on an improper information or indictment wherein the state failed to plead the element of knowledge which he contends renders invalid 195.223 RSMo.

In Ground Four, Petitioner contends counsel was ineffective for failing to raise the knowledge requirement of the information or indictment.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

4

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Procedural Default**

In order to preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or during post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 144, 149 (8th Cir. 1996). Federal habeas review of a claim is barred where a prisoner has defaulted his federal claims in a state court under an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Failing to raise claims on appeal

is such a state procedural rule. *Coleman*, 501 U.S. at 750. State procedural rules are adequate and independent state grounds when they are firmly established and regularly followed. *Oxford v. Delo*, 59 F.3d 741, 746 (8th Cir. 1995) (internal citations omitted).

## Discussion

Petitioner presents four claims for relief in his petition. On direct appeal, Petitioner raised one claim: that the trial court committed error by denying the motion to suppress and the motion for judgment of acquittal because the arresting officer did not have probable cause to stop his vehicle. On appeal of Petitioner's post-conviction motion, he raised one issue: that trial counsel was ineffective for failing to call a witness. These two issues are raised herein and will therefore be address. Plaintiff's other claims have been procedurally defaulted, and therefore cannot serve as a basis for relief.

The Missouri Appellate Court ruled that Petitioner did not object to the evidence at trial that he sought to have suppressed, i.e. that the stop and subsequent search were unlawful. In its plain error review, the Appellate Court of Missouri found no manifest injustice or miscarriage of justice because the officer's actions were objectively authorized and legally permitted. The officer testified that he only saw one operating rear brake light on the right side of the vehicle which was

stopped. He believed Petitioner had violated the law, and therefore, the Appellate Court did not disturb the credibility finding of the trial court.

In order to be successful in his challenge, Petitioner must demonstrate the Missouri Court of Appeals' ruling is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), delineated by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under Federal law, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Since the Appellate Court considered Petitioner's argument regarding this claim, he is not entitled to habeas relief on this ground.

Respondent is correct in arguing that Petitioner's complaint asserting that the post-conviction court erred by not following Missouri Supreme Court Rule 29.15 is without merit. These types of complaints are not cognizable in a federal habeas corpus petition. *McDonald v. Bowersox*, 101 F.3d 588, 592 (8th Cir. 1996).

The Petitioner raised his ineffective assistance of counsel claim that counsel was not effective because he did not call a witness at trial. This very issue was raised by Petitioner on appeal from the denial of his Rule 29.15 motion. In

considering this very issue the Missouri Court of Appeals denied the point. In doing so the Missouri appellate properly noted, interpreted, and applied *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Appeals Court discussed this issue in its opinion:

> To prevail on a claim for ineffective assistance of counsel for failing to call a witness, a movant must show that: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. *Williams v. State*, 168 S.W.3d 433, 441 (Mo. banc 2005). The decisions to call a witness and to present evidence are matters of trial strategy, and are "virtually unchallengeable" in an ineffective-assistance claim. *Id.* at 443.
>
> We agree with the motion court that Movant failed to meet William's fourth element: that the witness's testimony would have produced a viable defense. "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness." *Briscoe v. State*, 334 S.W.3d 183, 188 (Mo. App. E.D. 2011). Here, the motion court specifically found Jackson's testimony not credible, and we defer to the motion court's greater ability to judge the credibility of witnesses. *Bradley*, 292 S.W.3d at 566. Movant does not provide any reason why we should disregard our deferential standard. In light of the motion court's credibility findings, we similarly conclude Movant failed to show that Jackson's testimony would have provided him with a viable defense. Thus, his allegations are insufficient to support a claim for ineffective assistance of counsel. The motion court did not err in denying his motion on this ground.

Resp. Ex. I, 4–5. This analysis was not contrary to, nor an unreasonable application of, clearly established federal law, as it complies with the *Strickland* standard. The Court of Appeals' decision is reasonable and entitled to deference under §2254(d). Petitioner has failed to allege or show in what way

8

the Court of Appeals decision is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

## Conclusion

Of the claims that are not procedurally defaulted, the state courts' rulings were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

9

petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 28th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE